# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        Plaintiff,

        -v-                                        Case No. 01-Cr-88

**BILLY DEE WILLIAMS,**

        Movant.

## DECISION AND ORDER

Having plead guilty to one count of violating 21 U.S.C. § 841(a)(1)(A) and 18 U.S.C. § 2 by possessing with intent to distribute in excess of 50 grams or more of cocaine base (commonly known as "crack" cocaine), pro se movant Billy Dee Williams ("Williams"), is serving a 188-month sentence of incarceration, to be followed by five years of supervised release. He filed a motion for return of property ($41,955.00), citing Rule 41(e) of the Federal Rules of Criminal Procedure.[1]

The subject money was the subject of administrative forfeiture proceedings brought the United States Department of Justice Drug Enforcement Administration ("DEA"). Williams invokes the Court's jurisdiction pursuant to 28 U.S.C. § 1331, claiming that the DEA

---

[1] Pursuant to amendments made in 2002, a motion for return of property is now authorized by Rule 41(g). *See* 3A Charles Alan Wright, Nancy J. King, & Susan R. Klein, *Federal Practice and Procedure*, § 673 at 334-35 (3d ed. 2004). Formerly, such motion was authorized by Rule 41(e). The motion is construed as being brought under Rule 41(g).

violated due process because it did not give proper notice of the forfeiture and that, therefore, the money should be returned to him.

The parties have briefed the motion. However, in the course of considering the merits of the motion, a procedural issue has come to the Court's attention. *United States v. Howell*, 354 F.3d 693, 695-96 (7th Cir. 2004), states that a defendant challenging the deprivation of his property without notice and, therefore, without due process may seek its return by means of a civil action based on the federal-question jurisdiction of the federal courts, 28 U.S.C. § 1331. The *Howell* court observed that the judge failed to note that the defendant had not complied with the usual requirements for maintaining a civil suit, such as paying a filing fee, and since the defendant was a prisoner, the limitations on prisoner civil rights suits imposed by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. The appeals court also commented that it had allowed Rule 41(g) motions to be filed in the criminal proceedings, but noted that such permission did not make the proceeding a criminal proceeding and excuse the moving party from having to comply with the rules applicable to civil proceedings. *Id*. Thus, the court stated that motions for return of property are treated as civil equitable proceedings regardless of whether a motion is filed under Rule 41(g) or as a separate civil proceeding. *Id*.

Williams's motion for return of property was filed contemporaneously with his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[2] The motion for return of property was filed as a part of Williams's criminal case. The file contains no

---

[2] Williams's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence remains pending and will be addressed in a separate decision.

2

indication that Williams has paid a separate filing fee or that he been advised regarding the implications of the PLRA.

At this juncture, it is clear that under *Howell*, Williams's motion for return of property should be treated as a civil action. As such, the Court will return the motion (Docket No. 54) to the Clerk of Court for filing as a civil action. All other documents in Williams's file relating to that motion for return of property (specifically Docket Nos. 55 and 56) should also be filed in that civil action. The matter shall be randomly assigned to a judge pursuant to the District civil case assignment plan.

Pursuant to the PLRA, which amended the *in forma pauperis* statute, a prisoner must pay the full filing fee for a civil action. See 28 U.S.C. § 1915(b)(1). At the time Williams filed his motion, the fee for filing a civil action was $150.[3] If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the Court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The Court will then assess and, when funds exist, collect from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint, whichever is greater. 28 U.S.C. § 1915(b)(1).

---

[3] Currently, the civil filing fee is $350.

3

After the initial fee is paid, the prisoner must make monthly payments of 20% of the preceding month's income until the $150.00 filing fee is paid. 28 U.S.C. § 1915(b)(2). The agency which has custody of the prisoner will collect the money and send payments to the court. *Id.* No payment is required in months when the prisoner's preceding month's income is $10.00 or less. *Id.*

Williams must also file a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint. Williams will be allowed to submit the certified copy in support of the request to proceed *in forma pauperis* within 30 days of the date of this order. Williams should also complete the enclosed "Authorization for Release of Institutional Account Information and Payment of the Filing Fee" and submit it with the certified copy of the prison trust account statement.

Williams should also sign his name at the bottom of each enclosed "Notice of Lawsuit and Request for Waiver of Service of Summons" form and return them to the Clerk of Court. Williams should not complete any other portions of that form.

The PLRA also provides that, if a prisoner files more than three actions which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). In the event that this action is later dismissed for any of the above reasons, it will have an impact on the plaintiff's ability to bring other actions *in forma pauperis*. Accordingly, Williams will be afforded an opportunity to voluntarily dismiss this action.

If Williams wants to voluntarily dismiss his civil action for return of property or does not wish to file the prison trust account statement or to pay the filing fee as outlined in this order, Williams must notify the Court by letter to the Clerk of Court stating that he does not wish to prosecute this civil action. If Williams writes such a letter, his civil action for return of property will be dismissed without prejudice. Williams must send the letter within 30 days of the date of entry of this order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

The Clerk of Court **SHALL** file William's motion for return of property (Docket No. 54) as a civil action. All other documents in Williams's criminal file relating to that motion for return of property (specifically Docket Nos. 55 and 56) **SHALL** also be filed in that civil action,

The Clerk of Court **SHALL** randomly assign the civil action to a judge pursuant to the District's civil case assignment plan,

Williams **SHALL** submit, within 30 days of the date of this order, a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint. Williams must include his name, prisoner identification number and case number on the certified copy of his prison trust account statement.

Williams **SHALL** submit the "Authorization for Release of Institutional Account Information and Payment of the Filing Fee" with the certified copy of his trust account statement.

Williams **SHALL** also sign his name at the bottom of each enclosed "Notice of Lawsuit and Request for Waiver of Service of Summons" form and return them to the Clerk of Court.

Williams's failure to comply with this order will result in dismissal of his civil action for return of property.

Dated at Milwaukee, Wisconsin, this 1st day of August, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**BILLY DEE WILLIAMS ,**

                      **Plaintiff,**

                **-v-**                                       **Case No.**

**UNITED STATES OF AMERICA,**

                      **Defendant.**

---

Authorization for Release of Institutional Account Information and
Payment of the Filing Fee

I, _____ _____
                  (Name of Plaintiff)                          (Prison I.D. Number)
authorize the clerk of court to obtain from the agency having custody of my person, information about my prison trust account, including balances, deposits, and withdrawals until the filing fee is paid. I understand that, when sufficient funds exist in my prison trust account, I will be required to pay an initial partial filing fee equal to 20 percent of the greater of: (A) the average monthly deposits to my account for the six month period immediately preceding the filing of my complaint or notice of appeal, or (B) the average monthly balance in my account for the six-month period immediately preceding the filing of the complaint or notice of appeal. I understand and hereby authorize that, after payment of the initial partial filing fee, monthly payments will be forwarded to the Clerk of the Court equal to 20 percent of the preceding month's income credited to my account. I hereby authorize the agency or facility having custody of my person to withdraw funds from my prison trust account and forward such payments from my account to the Clerk of the Court each time the amount in the account exceeds $10.00, until the filing fee is paid as set forth in 28 U.S.C. § 1915(b)(2).

                                                  Plaintiff's Signature            Date